UNITED STATES DISTRICT COOURT
DISTRICT OF MASSACHUSETTS

---

UNITED STATES OF AMERICA,

V.

BASIL WILLIAMS,
Appellant,

---

Crim. No. 98-10185(NG)

AFFIRMATION IN SUPPORT OF NOTICE OF MOTION
FOR RELIEF.

---

Basil Williams, affirms under the penalties of perjury,
the following facts, and cases of authority in relation to the
two claims raised therein:

I am the defendant, and appellant in this criminal matter,
in which by entry of a judgment rendered on June 27, 2001, by the
United States District Court for the District of Massachusetts,
the Honorable Nancy Gertner, United States District Judge, a
sentence of 197 months of imprisonment, and three-years of
supervised release was imposed, following the appellant's
conviction by jury of Count Two of a Superceding Indictment,
charging him with conspiracy to commit racketeering in violation
of 18 U.S.C. § 1962(d); and pursuant to a "written plea agreement"

---

1/
       This Court, I am sure, is aware of the convoluted
proceedings in the case at bar, and which is discussed at length
herein. To emphasize, the most critical point here, I am not
attempting to withdraw the plea agreement, or violate the terms
thereof; however, I do seek "specific performance" as to the

whereas, I "[a]dmitted my role in the murder of Johusa Yates, on January 27, 1997, which is the offense conduct as charged in Count Two of the Superceding Indictment (conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d)).

### RELEVANT FACTS OF THIS CASE

A sitting Federal Grand Jury for the Commonwealth of Massachusetts, and district of Boston, issued an indictment against Basil Williams, the appellant, and Alphonzo Fowlkes, which charged them in a multi-count federal racketeering and drug conspiracy, from the 1990's to present. Subsequently, the grand jury issued a Superceding Indictment, essentially narrowing the scope of the initial indictment. This Superceding Indictment, charged the appellant (for purposes of this petition, Fowlkes

---
*/

The written plea agreement is hereby annexed and referred to as "Agreement". The relevant portions are referred to by paragraph and section. For instance, ¶8(1), and Pg.3

---
Continued n.1

plea agreement's silence in reference to the imposition of supervised release and the imposition thereof, and which by virtue of the agreement conforming to the standards of Fed.R.Crim. P. 11(e)(1)(C) "stipulated agreement", the tenants of United States v. Bounds, 943 F.2d 541 (5th Cir. 1991), and it's progeny, were violated in that the "over-all" sentence exceeded the stipulated term and relevant statutory maximum applicable.

The agreement, as will be shown, was signed voluntarily, intelligently, and knowingly; the appellant merely seeks conformity to the agreement's relevant portions, which by precedent requires that the term of imprisonment be modified.

4

does not join in) with racketeering in violation of 18 U.S.C. §
1962(c) (Count I); conspiracy to commit racketeering, in violation
of 18 U.S.C. § 1962(d) (Count Two); murder in the aid of
racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count
Five); and conspiracy to possess with intent to distribute cocaine
base, in violation of 21 U.S.C. § 846.

The appellant was represented by Mr. Roger Witkin, of 6
Beacon Street, Boston, Massachusetts, and a jury trial commenced
on or about October 2, 2000, within the United States District
Court, for the District of Massachusetts, with the Honorable
Nancy Gertner, United States District Judge presiding. The jury
returned a guilty verdict with respect to Count Two of the
Superceding Indictment, and a hung-jury as to the remainding
Counts (there was one hold-out juror as to Counts' One, Five, and
Six).

---

2/

The government's theory as presented to the jury is not
really an issue for an adjudication of this petition. However,
succinctly, the government asserted that this case was about
"[d]rug dealing and murder." (October 2, 2000, Day Five, Trial
Transcripts at Pg.21). "In particular, we are going to be
concentrating on three things: One, it's about drug dealing. It's
about a group of mostly young guys who sold crack cocaine and
marijuana in and around Castlegate Road in the Grove Hall section
of Boston, Massachusetts. And it's about how these two defendant's
Alphonzo Fowlkes and Basil Williams, were part of that group and
engaged in a conspiracy to sell crack cocaine and marijuana."
      "...And finally, number three, it's about the murder of
Joshua Yates; who some people might call an old-time member of
Castlegate, who had spent seven years in prison, and he got out
in late 1996, and in [e]arly 1997, he had become so much of a
problem that he was murdered by his own." (October 2, 2000, Day
Five, Pg.24).

## PLEA AGREEMENT

During the hiatus between the jury's finding as to Count Two of the Indictment, and contemplation for re-trial as to the remaining Counts, the government offered the appellant a plea agreement. That agreement, which is annexed and referenced herein, incorporated the protocol for an 11(e)(1)(C) "stipulated agreement", of the Federal Rules of Criminal Procedure ("Fed.R.Crim.P.").

The agreement followed the appellant's conviction by a jury of Count Two of the Superceding Indictment, charging him with conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) ("the offense of conviction"). "In the absence of this Agreement, [Williams] faces retrial on the following charges: Counts One (charging racketeering in violation of 18 U.S.C. § 1962(c)), Five (charging murder in the aid of racketeering in violation of 18 U.S.C. § 1959(a)(1)), and Six (charging conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846). If convicted of these charges, [Williams] faces a Sentencing Guidelines for up to and including imprisonment for life, if not a statutorily mandated sentence of life imprisonment" ("Agreement, Pg.1")

---

3/

That of course, presumes that the reconvened jury convicted the appellant of all other charges. Additionally, under U.S.S.G. § 3B1.4 ("Grouping"), as these offenses were inter-related by virtue of the racketeering enterprise as charged, it is highly unlikely that the appellant would have received a life term of imprisonment; however hypothetically true this statement is.

6

Admission of Role in the Yates Homicide and Recommended Sentence

The Agreement set forth, at ¶1, that, "[W]illiams will admit his role in the murder of Joshua Yates ("Yates"). More specifically, Williams will admit that he shot Yates shortly after 10:00 p.m., on January 20, 1997 at the corner of Castlegate Road and Normandy Street and that he did so because of the problems Yates was creating in the Castelgate Road area. At Williams' sentencing hearing, an Assistant U.S. Attorney will state the foregoing facts on the record, and, at the appropriate time, the Court will inquire of Williams, who will admit that the facts as stated above are true." ("Agreement, ¶1")

The Agreement further set forth that the, "[U].S. Attorney agrees to not contest Williams' assertion that he went to the corner of Castlegate Road and Normandy Street armed with a handgun to confront Yates, but nevertheless did not intend to kill Yates, and did not intend to inflict fatal wounds when he shot Yates. Accordingly, the U.S. Attorney will not contest Williams' contention that he committed second degree murder and that, pursuant to U.S.S.G. §§ 2E1.1(2) and 2A1.2(a), his Base Offense Level is 33. ("Agreement at ¶2")

---

4/

An alternative argument as to this "disputed fact", would be that the Appellant's Sixth Amendment Right to Jury Trial was Violated, pursuant to the Supreme Court's recent decisions' in United States v. Booker, 543 U.S. ___ (2005); and United States v. Shepard, No. 03-9168 (March 7, 2005); and United States v. Jones, 526 U.S. 227, 119 S.Ct. 1215 (1999), where the Court in Jones and it's progeny, reiterates that it is up to the jury to determine such matters as whether conduct amounts to first degree murder or second degree murder or whether it was more akin to manslaughter--an issue decided solely by the sentencing court in this case.

Furthermore, the Agreement acknowledged, without necessarily agreeing, that the Probation Office has calculated that Williams has twelve (12) criminal history points; that he falls into Criminal History Category V; and that his otherwise applicable GSR is 210-262 months. "[H]owever, irrespective of the accuracy of this calculation, the U.S. Attorney and Williams agree with the Probation Officer's conclusion that Williams' qualifies as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, Williams' GSR as a career offender would be 235-293 months (capped by the 20 year 240-month statutory maximum penalty) The U.S. Attorney will not contest William's contention pursuant to U.S.S.G. § 4A1.3 that Criminal History Category VI overstates his criminality and that he should be sentenced as a person falling within Criminal History Category V (210-262 months). The U.S. Attorney and Williams agree that he should be sentenced to incarceration for 216 months (18 years).

_____

Continued n.4

So far, to date, none of the circuits who have decided on the issue of retroactivity of Booker, have held it applicable on collateral review. See, United States v. Frazier, ___ F.3d ___, 2005 WL 1090138, *2 (1st Cir. May 10, 2005); Guzman v. United States, ___ F.3d ___, 2005 WL 803214 (2d Cir. Apr.8, 2005); Varella v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-65 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); and United States v. Leonard, 2005 WL 139183, at *2 (10th Cir. Jan.24, 2005).
However, it is asserted with authority, that the decision in Shepard, is retroactive, because it involves a substantive construction of a criminal statute. Bousely v. United States, 523 U.S. 614 (1998). Although Shepard concerns the ACCA, and the Probation Report originally assessed that the appellant was a career offender; this Honorable Court departed downward under U.S.S.G. § 4A1.3 (over-representation). It is nevertheless, a violation of the appellant's Sixth Amendment right to Jury Trial. The appellant reserves his right to, at a latter time, argue this.

The agreement also provided that the, "[U].S. Attorney and Williams agree that he should be given time credit for the time he served on or about October 23, 1998, awaiting trial in state custody on state charges that he murdered Yates. The U.S. Attorney and Williams further agree that he should not be given credit for time served in connection with any of his prior convictions. The U.S. Attorney and Williams further agree that there is no basis for vacating any of Williams prior convictions or to seek to have his sentence for the offense of conviction affected or modified on account of a vacated prior conviction." ("Agreement at ¶4").

Finally, in relation to this petition, the Agreement provided that, "[W]illiams and the U.S. Attorney agree that, except as set forth in paragraph 3 above, there is no basis for any departure pursuant to U.S.S.G. § 4A1.3 or 5K2.0-2.21 from his applicable sentencing range as set forth above." ("Agreement at ¶ 5").

## Waiver of Right to Appeal and to File Collateral Challenge

In relation to the Agreement's Waiver provision, it provided that, "[W]illiams is aware that he has the right to challenge his conviction for racketeering conspiracy and his sentence on direct appeal. Williams is also aware that he may, in some circumstances, be able to argue that his convictions should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255." ("Agreement at ¶7")

## I.

## THE DISTRICT COURT, IN SENTENCING THE APPELLANT FOR CONSPIRACY TO COMMIT RACKETEERING, COMMITTED PLAIN ERROR IN IMPERMISSIBLY DELEGATING AUTHORITY TO THE PROBATION OFFICER TO ADMINISTER DRUG TESTING, WHILE HE WAS ON SUPERVISED RELEASE.

Succinctly, the district court, on June 27, 2001, in sentencing the appellant Basil Williams, impermissibly delegated authority to the probation officer to administer drug tests and whether to order him to attend a drug treatment program with special conditions; and that this delegation constituted "plain error" under United States v. Meledez-Santana, 353 F.3d 93 (1st Cir. 2003), in which the First Circuit Court of Appeals held that, "a sentencing court may not ... vest the probation officer with discretion to order unlimited number of drug tests" and must determine whether the defendant has to undergo drug treatment "either at the time of sentencing, or later in response to a motion by the probation officer."" Id. at 101-103 (footnotes omitted).

The explicit delegation of authority to the probation officer in this case distinguishes it from United States v. Lewandowski, 372 F.3d 470 (1st Cir. 2004) (per curiam), in which the Court construed a drug testing condition of supervised release to avoid a defect instead of vacating the condition and remanding the case for resentencing. The drug testing condition at issue in Lewandowski, required the defendant to "submit to one drug test

10

within 15 days of his release from imprisonment and at least 2
periodic tests thereafter," but did not specify who had the
authority to determine the maximum number of tests. Id. at 470-
71; See also, United States v. Figueroa, 404 F.3d 537 (1st Cir.
2005).

    At the June 27, 2001 Sentencing Hearing, the district
court recommended that the appellant participate in the 500 hour
residential drug treatment program offered by the Bureau of
Prisons (S.15); that the appellant pay a special assessment of
$100, and restitution as the government has recommended in the
                     */
aount of $400 (S.15). The court also recognized that the
appellant's sentence should reflect the time he served in state
                                    5/
prison from October 23, 1998 (S.17).

    The court also recognized that the appellant is by
definition, a career offender under 4B1.4, but accepted the
recommendation by the government that this category over-states
his criminal history, and departed downward to Category V, which
is a range of 210 months to 262 months.

---

5/

The "S" connotates the June 27, 2001 Sentencing Proceeding.
The numeral proceeding the "S" connotates the specific page
number for reference. The entire Transcript is provided for this
Court's review; as is the written "plea agreement".

*/
    The $400 restitution was imposed by mutual agreement to
pay for the headstone of Joshua Yates. The appellant made
immediate payment to the Court.

11

Finally, the court assessed the time that the appellant had spent in state custody from October 23, 1998; and as such, the range was from 191 to 221 months of imprisonment; and "[i]n order to effect a sentence consistent with the parties' agreement, the court sentenced the appellant to 197 months.

In this case, it is respectfully requested, as to this Issue, that a remand be ordered to modify the judgment to comport with the First Circuit's holding in United States v. Melendez-Santana, 353 F.3d 93 (1st Cir. 2003); and it's progeny. It should be noted however, that during the appellant's incarceration, he has already participated and completed numerous rehabilitative programs, and that at the appropriate time, he will also participate in the 500 hour residential treatment program offered by the Bureau of Prisons. The appellant does recognize that this Court's discretionary sentencing feature as to the State credit was certainly appreciated and the appellant has complied with each and every special condition imposed or recommended by this Court at the time of sentencing.

12

II.

## THE AGREEMENT'S FAILURE TO IMPART SUPERVISED RELEASE

"When a defendant has knowledge of conduct ostensibly amounting to a breach of plea agreement, yet does not bring that breach to the attention of the sentencing court, the Court of Appeals reviews only for plain error." United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000). To establish plain error, a defendant must demonstrate that: (1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error adversely impacted the fairness, integrity, or public reputation of judicial proceedings. See, United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (2000); United States v. Riggs, 287 F.3d 221 (1st Cir. 2002).

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "Because plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutor's engaging in plea bargaining to 'the most meticulous standards of both promise and performance." United States v. Velez-Carrero, 77 F.3d 11 (1st Cir. 1996) (quoting United States v. Clark, 55 F.3d 9, 12 (1st Cir. 1995)).

In this case, the written plea agreement dehored any mention of the possibility or statutorily mandated term of

supervised release. 18 U.S.C. § 1962(d), the offense of conviction however, mandates the term of "supervised release", pursuant to 18 U.S.C. § 1964 (penalty provision). The critical issue before this Court, is whether the imposition of the term of supervised release constituted a "breach of plea"; and if so, the remedy for this "breached plea" ('specific performance' vis-a-vis vacatur of the plea).

Beyond the plain violation of the plea agreement, a defendant must show that the government's breach was prejudicial. See, Olano, 507 U.S. at 734, 113 S.Ct. 1770 (noting that, to affect substantial rights, the error must be prejudicial) Although a defendant usually demonstrates prejudice by proving that the error affected the outcome of the proceedings, see, id., a defendant alleging a breached plea agreement on appeal need not go so far. See, United States v. Clark, 55 F.3d at 13-14 (stating that prosecutor's failure to abide by plea agreement, even if it did not affect the defendant's sentence, is not harmless error); United States v. Riggs, 287 F.3d at 225 (1st Cir. 2002); United States v. Correale, 479 F.2d 944, 949 (1st Cir. 1973).

Here, the agreement did not discuss the possibility that he could be sentenced to a period of supervised release. The appellant asserts that this omission constitutes a complete failure to address a core concern of Federal Rules of Criminal Procedure 11. See e.g., United States v. Bachynsky, 934 F.2d 1349 (5th Cir. 1991) (en banc); United States v. Bounds, 943 F.2d at

14

545 (5th Cir. 1991) (Discussing the "law of contracts").

### Plea Agreements: Vis-a-Vis: Law of Contracts

Over thirty-years ago, the Supreme Court attested to the important role that plea agreements play in our criminal justice system:

> Disposition of charges after plea discussion is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; an by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty and when they are ultimately imprisoned.

Santobello v. New York, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971). While these (and other) important considerations provide incentive for all sides to engage in plea discussions, a defendant must ultimately waive fundamental constitutional rights as a result of entering into a plea agreement. Hence, the government, who engages in the plea discussion, must meet the most "meticulous standards" of both promise and performance. Riggs, 287 F.3d at 224; and the courts are "very wary of governmental claims

15

that the prosecution "technically" complied with the terms of the
agreement when the net effect of the governments behavior under-
mines the "benefit of the bargain" upon which a defendant has
relied. First Circuit case law prohibits "not only explicit
repudiation of the government's assurances, but must in the
interest of fairness be read to forbid endruns around them."
Saxena, 229 F.3d at 6 (1st Cir. 2000); United States v. Canada,
960 F.2d 263, 269 (1st Cir. 1992). [*]

     "[I]n determining whether the government (or court for
that matter) has breached the plea agreement, [we] are guided ...
by general principles of contract law." Clark, 55 F.3d at 12; See,
United States v. Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir.
1987) ("Contractual principles apply insofar as they are relevant
in determining what the government 'owes' the defendant.") As
explained above, however, "[a] plea agreement is not an
appropriate context for the Government to resort to a rigidly
literal approach in the construction of language." United States
v. Garcia, 698 F.2d 31, 37 (1st Cir. 1983) (quoting United States
v. Bowler, 585 F.2d 851, 854 (7th Cir. 1978)). "Likewise, as in
all contracts, plea agreements are accompanied by an implied
obligation of good faith and fair dealing." United States v. Ahn,
231 F.3d 26, 35-36 (D.C.Cir.2000) (internal quotation marks
omitted). Moreover, pursuant to contract law, even an unintended
breach is, nevertheless, still a breach. See, United States v.

---

[*]     Further support for this proposition lies in the 4th
Circuit's holding in United States v. Feurtado, 191 F.3d 420 (4th
Cir. 1999) (collecting cases); United States v. Good, 25 F.3d 218
(4th Cir. 1994) (finding "plain error", which is not harmless as
it affects the defendant's substantial rights); and Moore v.
United States, 592 F.2d 753 (4th Cir. 1979).

Mercedes-Amparo, 980 F.2d 17, 19 n.3 (1st Cir. 1992) (stating that
the fact that "breach was inadvertent ... does not lessen it's
impact") (quoting Santobello, 404 U.S. at 262, 92 S.Ct. 495).

        The appellant Williams asserts that the court breached
the terms of his plea agreement when, during the course of
sentencing, on June 27, 2001, he was sentenced to a term of
supervised release, which was not inclusive to the Rule 11(e)(1)
(C), Fed.R.Crim.P. plea agreement; and that the imposition of this
three-year term exceeded [his] contracted for 197 month term. See,
e.g., United States v. Linwood Thorne, No. Cr-94-453 (DKC), and
No. 95-Cr-5568 (4th Cir. Sept. 8, 1995), the Court agreed that the
imposition of a term of supervised release, above the contracted
for plea, violates that agreement.

        In United States v. Holman, 728 F.2d 809, 813 (6th Cir.
1984), that Court stated that once the district court accepts the
plea agreement, it is bound by the bargain. In Holman, the Court
stated that the district court's failure to indicate the status of
the plea agreement would be construed as an acceptance of the
agreement. Holman, 728 F.2d at 812; United States v. Mandell, 905
F.2d 970, 962 (6th Cir. 1990). In this case, in June 2001, the
district court, after a lengthy colloquy establishing the
appellant's intent to plead guilty; accepted the plea. Thereafter,
the court was bound by that plea.

        In the absence of mistake, or fraud, a written contract
merges all prior and contemporaneous negotiations in reference to
the same subject, and the whole engagement of the parties and the

*/
        United States v. Thorne, 153 F.3d 130 (4th Cir. 1998)

17

extent and manner of their undertaking are embraced in their writing. Golden Peanut Co. v. Bass, 275 Ga. 145, 563 S.E.2d 116, 48 U.C.C. Rep.Serv.2d 514 (2002), cert. denied, 537 U.S. 886, 125 S.Ct. 32, 154 L.Ed.2d 146 (2002). However, when a contract is complete, unambiguous and free from uncertainty, parol evidence o of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissble. Decatur County Feed Yard v. Fahey, 266 Kan. 999, 974 P.2d 569 (1999).

### Presumption that Contract Represents Entire Agreement

The propriety of considering extrinsic facts to show terms of a contract other than those which have been reduced to writing depends upon whether the writing was intended by the parties to embody the entire transaction, and so to constitute the sole evidence of their evidence. Danielson v. Bank of Scandanavia, 201 Wisc. 392, 230 N.W. 83, 70 A.L.R. 746 (1930). If the intention of the parties that the writing should be an integration of the entire agreement is not otherwise indicated, such as in the written contract itself, the subject matter and surrounding circumstances may, and should, be taken into consideration. McMillen v. Willys Sales Corp., 118 Ohio App.20, 24 Ohio Op.2d 357, 193 N.E.2d 160 (6th Dist.Lucas County 1962); Danielson v. Bank of Scandanavia, supra.

However, there is a general presumption that a written contract complete on it's face integrates the final intentions and

embodies the final and entire agreement of the parties. This presumption, however, does not apply where the writing is manifestly fragmentry, or is intended to be only a partial integration of the agreement, or is ambiguous or uncertain.

### Partial Integration; Collateral Oral Agreements

In construing a contract, and in accordance with the exception to the parol evidence rules where a contract has been only partially integrated, the court may consider portions of an entire agreement not contained in the writing where it appears that only a part of it was intended to be reduced to writing. It is permissible to apply those things which were omitted if the part omitted is not inconsistent with the writing, but independent of and in addition to it. Under the prevailing view, the parole evidence rule does not effect a purely collateral contract distinct from, and independent of, the written agreement, even though it relates to the same general subject matter and grows out of the same transaction, if it is not inconsistent with the writing. However, it is held that a written contract may properly be varies by oral agreement only where it is collateral, is not inconsistent with express or implied conditions of the written contract, and is one which the parties could not reasonably be expected to embody in the writing. Mitchill v. Lath, 247 N.Y. 377, 160 N.E. 646, 68 A.L.R. 239 (1928).

19

## Complete Agreement

The "Agreement" in this case contains no Integration Clause allowing other extraneous portions into the final meaning. Specifically, on Pg.5, ¶17, the Agreement provides:

> "This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representatives or agreements have been made other than those set forth in this letter. This Agreement supercedes prior understandings, if any, of the parties whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or made on the record in open court."

Based on this understanding, as the possibility of the imposition of supervised release attaching to the disposition was not included within the Agreement, the court, by virtue of the imposition of three-years of supervised release, "breached" the Agreement. Presuming the appellant is released, and unforeseen difficulties emerge, and the appellant's release violated, the appellant could conceivably serve an additional term of up to three-years. As the appellant bargained for, and received a stipulated term of imprisonment, the Agreement was "breached".

Finally, the Agreement may not be varies by oral proffer simply because in this case, the oral agreement would certainly not be collateral. A collateral alteration simply means that it is not germane to the central focal point or issue at hand. Here,

to introduce another embodiment by oral agreement, would change the entire context of the Agreement and stipulation thereof. Had the appellant and government not entered into a stipulated Agreement; had the appellant merely bargained for an "open plea and disposition", this issue would thus be moot. However, here, based on the appellant's understanding through counsel, and the AUSA, he "understood" that he would receive a specific sentence, leaving open the possibility for a reduction under the relevant Guidelines (which does not change the text of the Agreement). As such, the "breach must be remedied."

### Remedy for Breached Plea

A defendant who alleged a breached plea may be entitled to an evidentiary hearing, or at the court's discretion, discovery or expansion of the record. See, Blackledge v. Allison, 431 U.S. 63, 76, 80-82 (1977) (allegations of breach entitles a defendant to an evidentiary hearing unless the defendant's allegations are "palpably incredible" or "patently frivolous or false."); United States v. Watson, 988 F.2d 544, 551-52 (5th Cir. 1993); Peavy v. United States, 31 F.3d 1341, 1346 (6th Cir. 1994); United States v. Frazier, 213 F.3d 409, 419 (7th Cir. 2000).

Here, the appellant respectfully requests that an evidentiary hearing be held in order to expand the record for a complete and full adjudication of this assertion. At such hearing, former counsel, Roger Witkin, of 6 Beacon Street, Boston, MA 02108 would testify as to his pre-plea conversations with the appellant, in order to discern what specific representations were

21

made in relation to the Agreement. Similarly, the appellant would want to testify as to his "understanding" of the Agreement, based on counsels' representations. Although a hearing is certainly not necessitated because the matter is clear on it's face that the Agreement was breached, a hearing is necessary to determine the applicable remedy for this breach.

If the appellant demonstrates, as he has, that the Agreement was breached, the court may allow the withdrawal of the plea (which the appellant adamently is against), alter the sentence, or order specific performance of the agreement. Breaches of plea agreements not only violate the defendant's constitutional rights but calls into question the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government. United States v. Lezine, 166 F.3d 895, 901 (7th Cir. 1999) (quoting United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986)); see also, United States v. Mondragon, 228 F.3d 978, 981 (9th Cir. 2000) (integrity of judicial system requires that the government and court must strictly comply with it's obligations under the agreement.)

The remedy for a breached plea depends on the specific case. See, United States v. Velez-Carrero, 77 F.3d 11-12 (1st Cir. 1996) (defendant entitled to specific performance when government breached agreement to oppose adjustment in sentencing

guideline); Spence v. Superintendent, Great Meadows C.F., 219
F.3d 162, 174-75 (2d Cir. 2000) (defendant was entitled to
specific performance because defendant's arrest for a crime for
which he was later acquitted did not constitute breached plea);
United States v. Nolan-Cooper, 155 F.3d 221, 224 (3d Cir. 1998)
(defendant entitled to remand for resentencing before different
judge because the government breached the agreement by opposing
defendant's position on applicability of certain sentencing
guidelines provisions to his guideline range calculation); United
States v. McQueen, 108 F.3d 64-65 (4th Cir. 1997) (defendant
entitled to specific performance of oral plea agreement because
prosecutor breached plea agreement by failing to argue for
reduction of sentence and claiming failure was unintentional
because defendant was unable to remember exact terms of oral
agreement); United States v. Carr, 170 F.3d 572, 576 (6th Cir.
1999) (remedy for sentence in violation of plea agreement is new
sentencing hearing); United States v. Hawley, 93 F.3d 682, 694
(10th Cir. 1996) (defendant entitled to either resentencing by
different judge or remand for determination of whether defendant
should be allowed to withdraw plea because government breached
agreement not to oppose sentence reduction).

### Requested Remedy

In one of the very few cases that the appellant has
uncovered during his research dealing with this very issue, in

23

United States v. Bounds, 943 F.2d 541 (5th Cir. 1991), the Court altered the sentence by reducing the term imposed, because the imposition of supervised release, increased Bounds over all sentence. Here, the appellant respectfully requests the same relief; that this Court reduce the imposed term of 197 months by three-years to reflect the imposed term of supervised release. [6/]

The appellant finally requests that this Honorable Court maintain jurisdiction of this case, because Your Honor is aware of all the relevant facts in relation to these proceedings. Your Honor conducted the trial, which resulted in a jury verdict against the appellant as to Count II, and presided over the plea proceedings subsequent to the verdict. This writer has the utmost respect for Your Honor, and the attached rehabilitative efforts that the appellant has made during his incarceration will have a bearing on the outcome of the proposed resentencing, should this Court grant the relief requested.

---

6/

This writer also drafted the main briefs in United States v. Riggs, 287 F.3d 221 (1st Cir. 2002); and United States v. Frazier, 340 F.3d 5 (1st Cir. 2003). In the former case, Ms. Schneider (counsel of record) filed an Ander's brief which we objected to; and the latter, Mr. Bruce Green (counsel) was given the draft of the main brief by this writer. In both cases, the appellants' requested that the cases be remanded with different judges'; however, in this case, the appellant most respectfully requests that this Honorable Court maintain this case if an Order is granted in the appellant's favor.

24

## Jurisdiction of this Court

As stated, the appellant seeks relief under a variety of means; 28 U.S.C. §§ 1361, 1651, 2201; and Federal Rules of Criminal Procedure 57(b). To some extent, these provions go hand in hand. Under § 1361, this Court would have original jurisdiction to compel an officer, or the government to perform a duty owed. See, Zucker, 2004 WL 102779 at *3 (finding jurisdiction existed and argument that the petitioner did not have a "clear right" to relief went to the merits of the action, not the ability of the court to hear it). Under § 1651, the Court may issue all writs necessary in aid of it's jurisdiction, and under § 2201(a), in "the case of controversy within it's jurisdiction,..., a as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested perty seeking such declaration, whether or not further relief is or could be sought."

Mandamus is "limited to situations in which the party seeking the writ has a clear entitlement to relief, yet is threatened with irreparable harm should the relief be delayed or deferred." United States v. Darryl Green, 2005 WL 1119791 (1st Cir. (Mass,), May 12, 2005) citing In re Sterling-Suarez, 306 F.3d 1170, 1172 (1st Cir. 2002); In re Cargill, 66 F.3d 1256, 1260 (1st Cir. 1995)). It is an extraordinary remedy, and the

grant of relief by court may be invoked as a means to "protect it's jurisdiction over an action." Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 14 (1st Cir. 2005). For a Court to utilize § 1651(a) relief, "there must be at least the possibility that the complainant states a justiciable federal claim." Id. Moreover, in order to warrant mandamus relief, there must be a risk of irreparable harm if such relief were not granted. See, Id. at 10. Likewise, Fed.R.Crim.P. 57(b), holds that, "A judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district. In other words, if there is no other rule, the Court may use this Rule."

Here, the appellant neither filed a direct appeal, or first collateral petition. The strict time limitations of the AEDPA prevent the appellant from filing either. There has not been a Supreme Court ruling, that has been made retroactive to cases on collateral review; as the plea Agreement allows, at Pg.9, ¶ 9:

> "Williams' waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges on new legal principles in the First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect..."

As held by all Courts, including the Supreme Court,
"Breaches of pleas not only violate the defendant's constitutional
rights, but calls unto question the honor of the government,
public confidence in the fair administration of justice, and the
effective administration of justice in a federal scheme of
government." Here, the Breach violated the appellant's
constitutional rights as detailed herein, and to deny the
appellant relief here, would be unjustified.

For the foregoing reasons, the appellant respectfully
requests that this Court issue a finding of Breached Plea and
remand for resentencing.

Respectfully,

Basil Williams

June 5, 2005

27



# Certificate of Completion

presented to

## *Basil Williams*

has successfully completed 10 hours in

# STOP DOMESTIC VIOLENCE SEMINAR

This certificate is hereby issued this 29th day of August 2002

_____
Supervisor of Education

_____
Parenting Coordinator

© 1989 GOES®
All Rights Reserved

LITHO. IN U.S.A.



**American Red Cross**
*We'll be there.*

This recognizes that
**BASIL WILLIAMS**

has completed the requirements for
**Adult CPR/AED**

conducted by
**FCI RAYBROOK**

Date completed                 **04/02/2002**

The American Red Cross recognizes this certificate
as valid for    **1**    year(s) from completion date.

# Certificate of Completion

presented to

## Basil Williams

has successfully completed 22 hours in

# INTRODUCTION TO BARBERING

This certificate is hereby issued this 1st day of November 2002



A.&.E Coordinator

Supervisor of Education

© 1990 GOES P
All Rights Reserved

LITHO. IN U.S.A.



# Certificate
## of
## Completion

Let it be known that

## Basil Williams

has successfully completed the Choice & Change Drug
Abuse Education Program at the Federal Correctional
Institution, Ray Brook, New York

Ann Gilberto Ph.D, DAP Coordinator

Deborah Mitchell, Drug Treatment Specialist

March 19, 2003



# *St. Joseph's Rehabilitation Center, Inc.*

P.O. Box 470, Saranac Lake, New York 12983 • Tel: (518) 891-3950 • Fax: (518) 891-5507
email: stjoes@sjrcrehab.org    website: www.sjrcrehab.org

**Inpatient Program**

99 Glenwood Estates
PO Box 470
Saranac Lake, NY 12983
Tel: (518) 891-4135
Fax: (518) 891-3986
Toll Free: 877-813-8647
email: admissions@sjrcrehab.org

**Outpatient Clinics**

email: outpatient@sjrcrehab.org

Elizabethtown, NY 12932
7573 Court Street, Suite 203
P.O. Box 445
Tel: (518) 873-9144
Fax: (518) 873-9158

Malone, NY 12953
3878 State Route 11
Suite 2
Tel: (518) 483-6566
Fax: (518) 481-4213

Saranac Lake, NY 12983
50 Woodruff Street
Tel: (518) 891-5353
Fax: (518) 891-7361

Ticonderoga, NY 12883
171 Lake George Avenue
Apt. 101
Tel: (518) 585-7934
Fax: (518) 585-9132

Tupper Lake, NY 12986
Mercy Healthcare Center
114 Wawbeek Avenue
Tel: (518) 359-9627
Fax: (518) 359-9644

Sunmount
RBITU Building 6
2445 State Route 30
Tupper Lake, NY 12986

**Community Residences**

Joseph's House
7 Fallkill Place
Poughkeepsie, NY 12601
Tel: (845) 483-7051
Fax: (845) 483-7052

Joseph's Manor
1001 Wicker Street
Moses Ludington Campus
Ticonderoga, NY 12883
Tel: (518) 585-4437
Fax: (518) 585-6242

September 29, 2003

To Whom it May Concern:

Please be advised that Mr. Basil Williams has successfully completed the Alcoholism and Substance Abuse Studies program offered by St. Joseph's Rehabilitation Center, Inc. As such, he has been given the opportunity to attain 252 hours of chemical dependency training, which is registered through New York State Office of Alcohol and Substance Abuse Services (OASAS). Each certificate designates course title and number of clock hours.

Mr. Williams was an Honors graduate and had a good intellectual grasp of the materials.

If you have any questions or concerns, please feel free to contact me at (518)891-3950.

Respectfully,

David C. Bowen CSW, CASAC
Chief Operating Officer



# Certificate of Completion

*Basil Williams*

has successfully completed with Honors

## Alcoholism and Substance Abuse Studies

This certificate is hereby issued this 3rd day of October 2003

Chief Operating Officer St. Joseph's
Rehabilitation Center

Supervisor of Education

© 1985 GOES P
All Rights Reserved

LITHO IN U.S.A.

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

## for the successful completion of

INTRODUCTION TO ALCOHOL/CHEMICAL DEPENDENCY STUDIES

Presented this ___ 12th ___ day of ___ December 2002 ___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___ 6.0 ___

PRESENTOR: ___ David C. Bowen, CSW, CASAC ___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

IDENTIFYING AND MANAGING THE ATTITUDES TOWARD SUBSTANCE-RELATED DISORDERS

Presented this ___19th___ day of ___December 2002___

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___6.0___          PRESENTOR: ___Muna Ezumah, CASAC, NCAC I___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

## for the successful completion of

INTRODUCTION TO THE EFFECTS OF SUBSTANCE ABUSE AND DEPENDENCE ON THE FAMILY

Presented this ___14th___ day of ___December 2002___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___6.0___

PRESENTOR: Shelley Whiteman, CASAC, Voc. Ed Counselor

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

INTENSIVE CASE MANAGEMENT IN SUBSTANCE ABUSE COUNSELING

Presented this 27th day of March 2003

_Karl Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: 3.0

PRESENTOR: Muna Ezumah, CASAC, NCAC I

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

PHYSIOLOGICAL AND PSYCHOLOGICAL EFFECTS OF COCAINE

Presented this __1st__ day of __April 2003__

_____
Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: __3.0__    PRESENTOR: __Helene D. Mowka, CASAC__

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

St. Joseph's Rehabilitation Center, Inc.

This Certificate is Awarded to

BASIL C. WILLIAMS

for the successful completion of

PHYSIOLOGICAL AND PSYCHOLOGICAL EFFECTS OF CANNABIS

Presented this 18th day of March 2003

CLOCK HOURS: 3.0

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

PRESENTOR: Helene D. Mowka, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — \SERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 10 - 12

Presented this 20th _____ day of _____ March 2003

_____
Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____    PRESENTOR: _____ David Ward, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

DOMESTIC VIOLENCE AND THE ALCOHOL CONNECTION

Presented this ___13th___ day of ___March 2003___

_Karl Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___3.0___

PRESENTOR: ___David C. Bowen, CSW, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

## for the successful completion of

THEORIES OF CO-DEPENDENCY

Presented this ___10th___ day of ___June 2003___

_____

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___12.0___     PRESENTOR: ___Shelley Whiteman, CASAC, Voc. Ed Counselor___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

## for the successful completion of

OVERVIEW OF RELAPSE PREVENTION

Presented this _____ 13th _____ Day of _____ May 2003 _____

CLOCK HOURS: _____ 12.0 _____

PRESENTOR: _____ David C. Bowen, CSW, CASAC

Karl Kalba, MAC, CASAC
EXECUTIVE DIRECTOR

OASAS Approved: TTT

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

COUNSELOR WELLNESS, THE SPIRITUALITY OF A BALANCED LIFE

Presented this ___15th___ day of ___May 2003___

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___3.0___    PRESENTOR: ___Fr. Dan Callahan, SA, M. DIV, MHA___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0105

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

**BASIL C. WILLIAMS**

### for the successful completion of

HIV AND SEXUALLY TRANSMITTED DISEASES (STD)

Presented this __20th__ day of __May 2003__

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0

PRESENTOR: __Anita Moore, RN, CAC, NCAC__

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES  —  INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

UPDATE - WORKING WITH THE CHEMICAL DEPENDENCE DIAGNOSIS IN TREATMENT PLANNING

Presented this ___27th___ day of ___May 2003___

CLOCK HOURS: ___6.0___    PRESENTOR: ___Helene D. Mowka, CASAC___

EXECUTIVE DIRECTOR,
Karl Kabza, MAC, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

ACOA ISSUES FOR THE CHEMICALLY DEPENDENT CLIENT

Presented this 15th _____ day of _____ April 2003

_____
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: _____

3.0

PRESENTOR: _____
Sally Walrath, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

SUBSTANCE ABUSE COUNSELING FOR GAY/LESBIAN AND BISEXUAL CHEMICALLY ADDICTED PERSONS

Presented this 24th day of April 2003

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: 6.0

PRESENTOR: Sally Walrath, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

### PHYSIOLOGICAL AND PSYCHOLOGICAL IMPACT OF ALCOHOL

Presented this ____ 11th ____ day of ____ March 2003 ____

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ____ 3.0 ____

PRESENTOR: ____ Helene D. Mowka, CASAC ____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — NSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

FEELINGS AND EMOTIONS AND THE ALCOHOL/CHEMICALLY DEPENDENT CLIENT

Presented this ___7th___ day of ___April 2003___

CLOCK HOURS: ___3.0___                    PRESENTOR: ___Anita Moore, RN, CASAC, NCAC___

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — 'NSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

PHYSIOLOGICAL AND PSYCHOLOGICAL EFFECTS OF HEROIN

Presented this ___8th___ day of ___April 2003___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___3.0___

PRESENTOR: ___Helene D. Mowka, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

for the successful completion of

SPIRITUALITY AND RECOVERY I

Presented this 10th _____ day of _____ April 2003

PRESENTOR: _____ Rev. Dan Callahan, SA, M. Div, MHA

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

THE DIFFERENTIAL DIAGNOSIS OF SUBSTANCE ABUSE AND DEPENDENCY

Presented this ___8th___ day of ___July 2003___

CLOCK HOURS: ___3.0___    PRESENTER: ___Karl Kabza, MAC, CASAC___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0196

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

## for the successful completion of

THE TWELVE TRADITIONS OF ALCOHOLICS ANONYMOUS

Presented this ___ 3rd ___ day of ___ April 2003 ___

CLOCK HOURS: ___ 3.0 ___

PRESENTOR: ___ Karl Kabza, MAC, CASAC ___

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

WORKING WITH THE CRIMINAL JUSTICE CLIENT

Presented this _20th_ day of August 2003

_____
EXECUTIVE DIRECTOR,
Karl J. Kabza, MAC, CASAC

CLOCK HOURS: _12.0_     PRESENTOR: Bernard J. Ziolkowski, CASAC

OASAS Approved: TTT

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

for the successful completion of

STRATEGIES TO PREPARE CLIENTS FOR EMPLOYMENT

Presented this 19th day of June 2003

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: 6.0

PRESENTOR: Shelley Whiteman, CASAC

OASAS Approved: TTT

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

COUNSELING CULTURALLY DIVERSE CLIENTS

Presented this ___30th___ day of ___June 2003___

_K. G. Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___6.0___      PRESENTOR: ___Muna Ezunah, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

### ADDICTION COUNSELOR ETHICS

Presented this __18th__ _____ day of September 2003 _____

_Karl J. Kabza_
EXECUTIVE DIRECTOR
Karl J. Kabza, MAC, CASAC

CLOCK HOURS: ____15.0____    PRESENTOR: ____David C. Bowen, CSW, CASAC____

OASAS Approved: TTT

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

THE NATIVE AMERICAN, ALCOHOLISM AND SPIRITUALITY

Presented this ___7th___ day of ___May 2003___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___3.0___

PRESENTOR: ___David C. Bowen, CSW, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

TRANSITION FROM TREATMENT TO WORK

Presented this 29th day of April 2003

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: 3.0

PRESENTOR: Shelley Whiteman, CASAC, Voc. Ed. Counselor

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

BASIC GROUP SKILLS FOR THE CHEMICAL DEPENDENCY COUNSELOR

Presented this ___3rd___ day of ___July 2003___

_____
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___6.0___        PRESENTOR: ___Helene D. Mowka, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

EMPOWERING CLIENTS THROUGH GROUP WORK

Presented this ___29th___ day of ___July 2003___

_Karl Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___6.0___    PRESENTOR: ___Helene D. Mowka, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

CONTINUUM: UTILIZING THE DSM CRITERIA IN TREATMENT PLAN DEVELOPMENT

Presented this ___5th___ day of ___August 2003___

_Karl Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___6.0___          PRESENTOR: ___Helene D. Mowka, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 4 - 6

Presented this 13th _____ day of _ February 2003 _

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ David Ward, CASAC

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

CUE EXTINCTION AND RELAPSE PREVENTION

Presented this 5th day of March 2003

CLOCK HOURS: 6.0

PRESENTOR: David Ward, CASAC

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

St. Joseph's Rehabilitation Center, Inc.

This Certificate is Awarded to

BASIL C. WILLIAMS

for the successful completion of

INTRODUCTION TO TREATMENT PLANNING FOR THE CHEMICALLY DEPENDENT CLIENT

Presented this 25th _____ day of ____ January 2003

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: _____ 6.0 _____    PRESENTOR: ____ Helene D. Mowka, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

**BASIL C. WILLIAMS**

### for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 7 - 9

Presented this ___27th___ day of ___February 2003___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: _____     3.0

PRESENTOR: ___David Ward, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

### GRIEF RECOVERY

Presented this 25th _____ day of _February 2003_

_____
Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___6.0___

PRESENTOR: Muna J. Ezumah, CASAC, Grief Recovery Specialist

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

WORKING WITH DENIAL AND OTHER DEFENSE MECHANISMS

Presented this __18th__ day of __February 2003__

_____
Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ____3.0____    PRESENTOR: ____Karl Kabza, MAC, CASAC____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

for the successful completion of

ADOLESCENT SUBSTANCE ABUSE

Presented this 15th _____ day of _____ February 2003

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 6.0 _____    PRESENTOR: Muna Ezumah, CASAC, NCAC I

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES – INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BASIL C. WILLIAMS

## for the successful completion of

SELF-ESTEEM AND THE ALCOHOL/CHEMICALLY DEPENDENT CLIENT

Presented this 11th day of February 2003

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: 6.0

PRESENTOR: Shelley Whiteman, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

**BASIL C. WILLIAMS**

### for the successful completion of

INTRODUCTION TO RECOVERY, RELAPSE, AND TREATMENT

Presented this 30th day of January 2003

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: 6.0

PRESENTOR: David C. Bowen, CSW, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

MEDICAL ASPECTS OF ALCOHOLISM

Presented this ___26th___ day of ___December 2002___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___3.0___          PRESENTOR: Shelley Whiteman, CASAC, Voc. Ed. Counselor

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

THE DISEASE OF ALCOHOLISM/CHEMICAL DEPENDENCY

Presented this ___7th___ day of ___January 2003___

CLOCK HOURS: ___6.0___          PRESENTOR: ___Helene D. Mowka, CASAC___

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

SOBER SUPPORT

Presented this _____ 9th _____ day of _____ January 2003 _____

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ David Ward, CASAC _____

EXECUTIVE DIRECTOR
Kari Kabza, MAC, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

ASSESSMENT & DIAGNOSIS OF THE DISEASE OF ALCOHOLISM AND CHEMICAL DEPENDENCY

Presented this ___ 21st ___ day of ___ January 2003 ___

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ___ 9.0 ___

PRESENTOR: ___ Helene D. Mowka, CASAC ___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BASIL C. WILLIAMS

### for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 1 - 3

Presented this _____ 23rd _____ day of _____ January 2003 _____

_____
Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____    PRESENTOR: _____ David Ward, CASAC _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

```
RBKM4           *          PROGRAM REVIEW REPORT          *        03-25-2005
PAGE 001                                                           14:37:07
```

INSTITUTION: RBK  RAY BROOK FCI

NAME.......: WILLIAMS, BASIL                        REG. NO: 22650-038
RESIDENCE..: BOSTON, MA 02108

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:  9-27-05

PROJ. RELEASE DATE..: 10-25-2014          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  3-06        DETAINERS (Y/N):(N)

CIM STATUS (Y/N)....:(Y)          IF YES, RECONCILED (Y/N): yes

PENDING CHARGES.....: none known

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: yes.
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

```
CATEGORY     - - - - - -     CURRENT ASSIGNMENT - - - - - - - -   EFF DATE    TIME

CMA          PROG RPT        NEXT PROGRESS REPORT DUE DATE        09-26-2007  1425
CMA          RPP NEEDS       RELEASE PREP PGM NEEDS               10-03-2004  0914
CMA          V94 CVA913      V94 CURR VIOL ON/AFTER 91394         09-30-2001  0915
CMA          V94 PV          V94 PAST VIOLENCE                    09-30-2001  0915
CUS          IN              IN CUSTODY                           08-22-2001  1439
DRG          DRG E COMP      DRUG EDUCATION COMPLETED             03-20-2003  0912
DRG          DRG I RQ J      DRG INTRV REQD: JUD RECOMMEND        09-30-2001  0913
EDI          ESL HAS         ENGLISH PROFICIENT                   10-11-2001  0001
EDI          GED HAS         COMPLETED GED OR HS DIPLOMA          10-17-2001  0001
FRP          COMPLT          FINANC RESP-COMPLETED                03-10-2002  0833
LEV          MEDIUM          SECURITY CLASSIFICATION MEDIUM       08-22-2001  1439
MDS          REG DUTY        NO MEDICAL RESTR--REGULAR DUTY       10-09-2001  0826
MDS          YES F/S         CLEARED FOR FOOD SERVICE             10-09-2001  0828
QTR          M05-226L        HOUSE M/RANGE 05/BED 226L            04-25-2002  0801
RLG          OTHER           OTHER RELIGION                       09-09-2001  1541
WRK          CUT/SEW 6       LELAND LEMAY, EXT. 5190              02-22-2005  0001
```

WORK PERFORMANCE RATING: _US 6 - excellent worker_

_run 226 L - good_

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _none - clear conduct_

FRP PLAN/PROGRESS: _COMPLETED_

RELEASE PREPARATION PARTICIPATION: _will review (2012) when_
_closer to release date_

```
RBKM4            *         PROGRAM REVIEW REPORT          *      03-25-2005
PAGE 002                                                        14:37:07
```

CCC RECOMMENDATION: _Will review when 11-13 mos closer to release_

PROGRESS MADE SINCE LAST REVIEW: _CLP enrolled_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _maintain clear conduct
Recommend anger management as court recommended
in this also start by March 06 complete by March 07.
on waiting list? advised to resend cop-out_

LONG TERM GOALS: _maintain clear conduct
Still on waiting list for spanish._

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

```
  RBKM4              *          PROGRAM REVIEW REPORT            *        03-25-2005
PAGE 003 OF 003                                                          14:37:07
```

SIGNATURES:

UNIT MANAGER: _R. Cro Cuttllm_  INMATE: _Rand Williams_

        DATE: _3-31-5_          DATE: _3 31 05_



# Heathkit Educational Systems

This Certificate of Achievement and
1.0 Continuing Education Units of credit are awarded to

## BASIL C WILLIAMS

in recognition of successful completion of
an Individual Learning Program in

## CONCEPTS OF ELECTRICITY

dated at Benton Harbor, Michigan this
twelveth day of December two thousand and one

General Manager, Heathkit Educational Systems



# Heathkit Educational Systems

This Certificate of Achievement and

2.0 Continuing Education Units of credit are awarded to

## BASIL C WILLIAMS

in recognition of successful completion of

an Individual Learning Program in

## DC ELECTRONICS

dated at Benton Harbor, Michigan this

twenty-ninth day of January two thousand and two

General Manager, Heathkit Educational Systems



# Heathkit Educational Systems

*This Certificate of Achievement and*
*1.5 Continuing Education Units of credit are awarded to*

## BASIL C WILLIAMS

*in recognition of successful completion of*
*an Individual Learning Program in*

## AC ELECTRONICS

*dated at Benton Harbor, Michigan this*
*nineteenth day of March two thousand and two*

General Manager, Heathkit Educational Systems



# Heathkit Educational Systems

This Certificate of Achievement and

3.0 Continuing Education Units of credit are awarded to

## BASIL C WILLIAMS

in recognition of successful completion of

an Individual Learning Program in

# SEMICONDUCTOR DEVICES

dated at Benton Harbor, Michigan this

thirtieth day of April two thousand and two

General Manager, Heathkit Educational Systems



# Heathkit Educational Systems

*This Certificate of Achievement and*

*4.0 Continuing Education Units of credit are awarded to*

## BASIL C WILLIAMS

*in recognition of successful completion of*

*an Individual Learning Program in*

## ELECTRONIC CIRCUITS

*dated at Benton Harbor, Michigan this*

*twenty-fourth day of June two thousand and two*

General Manager, Heathkit Educational Systems