UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BASIL WILLIAMS,
    Petitioner,
v.

UNITED STATES,
    Respondent

05 11291 NG

Civil Action No. 05-
(Criminal No. 98-10185-NG)

MAGISTRATE JUDGE Bowler

MEMORANDUM AND ORDER

GERTNER, D.J.

On June 9, 2005, Petitioner Basil Williams filed a Notice of Motion Pursuant to 28 U.S.C. § 1331; § 1651; § 2201(a); and Fed. R. Crim. P. 57(b), seeking an Order consistent with First Circuit precedent with respect to drug testing, and the sentencing court's delegation of authority to the probation officer to order drug tests. The Petitioner contends that this Court erred in delegating such authority to the probation officer.

Additionally, the motion also seeks a modification of the terms of imprisonment imposed, based on the contention that the imposition of a term of three-years of supervised release breached the plea agreement. Petitioner argues that the plea agreement was devoid of any agreement that he serve a period of supervised release after his period of incarceration. Plaintiff states that supervised release is mandated under 18 U.S.C. § 1964 for a violation of § 1962(d), however, he maintains that imposition of supervised release constitutes a breach of the plea agreement. He asserts that there are various remedies for such breach, including vacation or withdrawal of the guilty plea, or reduction in sentence to reflect the imposed term of supervised release. Specifically, Petitioner seeks to have his sentence of incarceration reduced by three years, to reflect the period of supervised release. He seeks an evidentiary hearing to expand the record for a complete adjudication of the issues presented and the appropriate relief. Petitioner seeks to

have his prior defense counsel, Roger Witkin, testify as to his pre-plea conversations in order to determine what specific representations were made in relation to the plea agreement.

Because the nature of Petitioner's assertions go to the heart of the terms of the criminal sentence imposed, and seeks a modification thereof, including a reduction in sentence, the Court finds this motion to be more properly characterized as a motion to set aside, vacate, or correct sentence, pursuant to 28 U.S.C. § 2255, rather than a motion pursuant to the generic provisions of 28 U.S.C. § 1651, 2201 or Rule 57(b) of the Federal Rules of Criminal Procedure.[1] A motion to vacate, set aside, or correct a sentence under § 2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

However, it appears that Petitioner's motion may be time-barred by the period of limitations applicable to § 2255 petitions, since Petitioner was sentenced in 2001, and he has exhausted his appeals with the Court of Appeals and the United States Supreme Court. A review of the public docket reveals that the Supreme Court denied a petition for writ of certiorari on October 15, 2002. Additionally, at this time the Court declines to construe this as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, noting that a Petitioner may not circumvent

---

[1] Petitioner's citation to the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331 does not provide a substantive basis for granting the relief requested.

2

the requirements of a § 2255 motion through a § 2241 petition.[2] Nor does this Court find a request for declaratory relief pursuant to the Court's powers under 28 U.S.C. § 2201(a) to be applicable, and the same holds true for a motion pursuant to Rule 57(b) of the Fed. R. Crim. P.

However, in light of the above, the Court will construe this action as a motion pursuant to the Court's power to issue writs pursuant to 28 U.S.C. § 1651, and directs the Clerk's Office to open this action as a civil case, in accordance with this Court's policies and procedures with respect to such motions, and the clerk shall serve the motion on the Respondent, for a response.

The Court will entertain a motion by either party to construe this action as something other than a motion pursuant to 28 U.S.C. § 1651, upon the filing of a motion accompanied by a supporting memorandum, provided such motion to reconsider is timely filed.

Dated: 6/23/05

NANCY GERTNER
UNITED STATES DISTRICT JUDGE

---

[2] While both provisions of §2241 and §2255 authorize challenges to the legality of a prisoner's continued federal custody, "[i]t is a well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3rd Cir. 2001)(comparing § 2241 and § 2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973). The rationale behind this canon in this setting is that under general circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions. Coady, 251 F.3d at 484-485.