UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BASIL WILLIAMS,<br>　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | CIVIL ACTION NO.<br>05-11291-NG |

**GOVERNMENT'S MOTION TO RECONSIDER**
**COURT'S JUNE 23, 2005 MEMORANDUM AND ORDER**

Now comes the United States of America, by and through the undersigned counsel, and moves this Honorable Court to reconsider its Memorandum and Order dated June 23, 2005 treating the petitioner's untimely motion for post-conviction relief as a cognizable motion pursuant to the All Writs Act. In support of its motion, the government sets forth the following:

1.  On June 27, 2001, this Court sentenced defendant Basil Williams ("Williams") to incarceration for 216 months (18 years), to be followed by 3 years of supervised release, following his conviction for conspiring to commit racketeering in violation of 18 U.S.C. § 1962(d) and his admission to the murder of Joshua Yates.

2.  Approximately six months later, on October 22, 2001, Williams filed a notice of appeal which the Court of Appeals dismissed as untimely on December 20, 2001. The Court of Appeals' mandate issued on January 11, 2001 and Williams filed a petition for writ of certiorari on or about June 28, 2002, which the Supreme Court denied on October 7, 2002.

3.  More than two and a half years later, on or about June 9, 2005, Williams filed a pleading in the District Court seeking post-conviction relief.  In particular, Williams seeks to have his sentence reduced to reflect what he contends was the improper imposition of a three-year period of supervised release and he seeks to redress what he contends was this Court's impermissible delegation of authority to his probation officer to order drug tests during his period of supervised release.  However, instead of seeking such relief pursuant to 28 U.S.C. § 2255, Williams purported to file his motion pursuant to 28 U.S.C. §§ 1331, 1651 and 2201(a) and Fed.R.Crim.P. 57(b).

4.  In its June 23, 2005 Memorandum and Order ("Order"), this Court correctly concluded that, "[b]ecause the nature of Petitioner's assertions go to the hear of the terms of the criminal sentence imposed, and seeks a modification thereof, including a reduction in sentence, the Court finds this motion to be more properly characterized as a motion to set aside, vacate, or correct sentence, pursuant to 28 U.S.C. § 2255, rather than a motion pursuant to the generic provisions of 28 U.S.C. §[§] 1651, 2201 or Rule 57(b) of the Federal Rules of Criminal Procedure."  Order at 2 (footnote omitted).

5.  This Court also correctly observed that Williams' motion is "time-barred by the period of limitations applicable to § 2255 petitions, since [he] was sentenced in 2001, and he has exhausted

his appeals with the Court of Appeals and the United States Supreme Court." Id.

6. This Court also correctly "decline[d] to construe [Williams' motion] as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, noting that a Petitioner may not circumvent the requirements of a § 2255 motion through a § 2241 petition." Order at 2-3 (footnote omitted).

7. Nevertheless, in a stunning and inexplicable about face, this Court then circled around to the beginning of its legal analysis and, in direct contravention of its own legal analysis, announced that it would "construe this action as a motion pursuant to the Court's power to issue writs pursuant to 28 U.S.C. § 1651." Order at 3.

8. However, the Court also indicated that it would "entertain a motion by either party to construe this action as something other than a motion pursuant to 28 U.S.C. § 1651, upon the filing of a motion accompanied by a supporting memorandum, provided such motion to reconsider is timely filed." Id.

9. As the Court itself is well aware, a motion under Section 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself." Rogers v. United States, 180 F.3d 348, 357 n. 15 (1st Cir. 1999) (cited in Order at 2). "Nor may the All Writs Act, 28 U.S.C. § 1651, be used to evade the

strictures" governing *habeas* proceedings. <u>Brennan v. Wall</u>, 100 Fed.Appx. 4, 2004 WL 943591, *5 (1st Cir.), <u>cert.</u> <u>den.</u>, 125 S.Ct. 146 (2004). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." <u>Carlisle v. United States</u>, 517 U.S. 416, 29 (1996) (internal quotation marks and citation omitted). <u>See</u> <u>also</u> <u>Aetna Cas. & Sur. Co. v. Markarian</u>, 114 F.ed 346, 350 (1st Cir. 1997) ("The All Writs Act does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate" (internal quotation marks omitted)). That Section 2255 does not provide Williams with a means to obtain the relief he seeks does not mean that it is not a "controlling" authority for the purposes of determining whether the All Writs Act applies. The fact that the time limitation applicable to Section 2255 motions bars Williams' current motion does not make that provision any less controlling. <u>Barrett v. United States</u>, 178 F.3d 34, 55 (1st Cir. 1999). <u>See</u> <u>also</u> cases cited by this Court in its Order at n. 2.

For all the foregoing reasons, the government submits that this Court should reconsider its June 23 Memorandum and Order, should treat Williams' motion as filed pursuant to 28 U.S.C. § 2255 and should dismiss the motion as untimely. In the event that this

Court denies the government's motion to reconsider, the government respectfully reserves the right to respond to and oppose more fully Williams' motion within 20 days of receiving notice of this Court's denial of the government's motion to reconsider.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          UNITED STATES ATTORNEY

                              By:  *s/Patrick M. Hamilton/*
                                          PATRICK M. HAMILTON
                                          ASSISTANT U.S. ATTORNEY
                                          One Courthouse Way
                                          Boston, MA 02210
Date: July 1, 2005                (617) 748-3100

## CERTIFICATE OF SERVICE

    I, Patrick M. Hamilton, do hereby certify that a copy of the foregoing was served this date by certified mail, return receipt requested, upon Basil Williams, Reg. No. 22650-038, FCI Ray Brook, P.O. Box 300, Ray Brook, NY 12977.

Date: July 1, 2005                      *s/Patrick M. Hamilton/*
                                            Patrick M. Hamilton