UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

2005 OCT 24  P 2:42
FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

BASIL WILLIAMS,
    Petitioner, Appellant,
: Case No. 1:05-cv-11291(NG)

v.     : NOTICE OF APPEAL

UNITED STATES OF AMERICA,
    Respondent, Appellee,

COMES NOW, Basil Williams, the petitioner in the above referenced proceeding, hereby appeals an August 24, 2005 final Order, denying a motion made pursuant to 28 U.S.C. §§ 1331, 1651, 2201(a), Fed.R.Crim.P. 57(b); and motion for reconsideration (construed as a request for a certificate of appealability); (Order Attached, Honorable Nancy Gertner, USDJ); and seeks from the First Circuit Court of Appeals, a Certificate of Appealability upon the following grounds:

(1) Whether jurists of reason could debate whether an assertion of "breached plea" may be raised at any time in light of the Supreme Court's decision in Blackledge v. Allison, 431 U.S. 63, 76 (1977), when a violation of Fed.R.Crim.P. 11(c)(1) occurs; and which meets the 4 prong test of United States v. Olano, 507 U.S. 725, 733 (1993); and which is reversible error in light of United States v. Thorne, 153 F.3d 130, 133 (4th Cir. 1998); United States v. Scott, 987 F.2d 261, 264 (5th Cir. 1993); United States v. Syal, 963 F.2d 900, 905 (6th Cir.

1992)?

(2) Whether jurists of reason could debate as to whether the district court had the authority to construe the petitioner's motion pursuant to 28 U.S.C. § 2241 "Saving's Clause" of section 2255, based on the facts of this case; and whether a long-standing Circuit conflict whether the "Saving's Clause" exception applies only to prisoners who have demonstrated "actual innocence" of the underlying offense, vis-a-vis, "actual innocence" of some factors used to unconstitutionally enhance a prisoner's sentence, should be clarified? See, United States v. Barrett, 178 F.3d 34 (1st Cir. 1999) ("saving's clause" applies in the unusual circumstances where denial of a further petition would result in a complete miscarriage of justice); with Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999) (only those petitions citing to an intervening change in the law made retroactive by the Supreme Court may utilize the "saving's clause")

(3) Whether the district court's Order denying relief, followed protocol as dictated by 28 U.S.C. § 2255, § 2241 (Issuance of Writ, Return, Decision); and whether jurists of reason could debate whether the Court's Order violated the petitioner's Due Process Rights under the 14th Amendment to the United States Constitution, by precluding adjudication as to the two (2) constitutional claims raised in the original petition

"on the merits" as they related to the petitioner and his continuing liberty interests?

                                                                                              Respectfully,

                                                                                              *Basil Williams*
                                                                                              Basil Williams
                                                                                              22650-038
                                                                                              FCI Raybrook
                                                                                              P.O. Box 300
                                                                                              Raybrook, NY
                                                                                              12977

October 5, 2005

To: U.S. Attorney
    District of Massachusetts

    United States Court of Appeals
    For the First Circuit

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

BASIL WILLIAMS,
      Petitioner,

v.

UNITED STATES,
      Respondent,

Case No. 1:05-cv-11291(NG)

AFFIDAVIT OF SERVICE

---

      Basil Williams, affirms under the penalties of perjury: that I have on this date, mailed 2 true copies of a Notice of Appeal to the U.S. Court of Appeals for the First Circuit, by the U.S. Postal Service to the following parties in this action:

U.S. Attorney
District of Massachusetts
One Courthouse Way
Boston, MA
02210

U.S. Court of Appeals
First Circuit
One Courthouse Way
P.O. Box 1600
Boston, MA
02210

                                        respectfully,

                                        /s/ Basil Williams
                                        Basil Williams

October 5, 2005